July 12, 1994
[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 93-2024

GREGORY T. MURRAY,

Plaintiff, Appellant,

v.

PENOBSCOT COUNTY DISTRICT ATTORNEY, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Morton A. Brody, U.S. District Judge]

Before

Torruella, Boudin and Stahl,
Circuit Judges.

Gregory T. Murray on brief pro se.

Jeffrey M. Silverstein, Assistant District Attorney, on brief for

appellee R. Christopher Almy, District Attorney County of Penobscot.
Paul W. Chaiken, Michael A. Hodgins, and Rudman & Winchell on

brief for appellee Bangor Police Department.

Per Curiam. Murray appeals from the dismissal of

his 1983 complaint filed against the Penobscot County

District Attorney and the Bangor Police Department. We

affirm substantially for the reasons stated in the magistrate

judge's August 23, 1933 recommended decision, adding these

comments.

1. We agree that the district attorney was immune

from damages liability with respect to his decision not to

prosecute appellant. Harrington v. Almy, 977 F.2d 37, 40

(1st Cir. 1992).

2. We turn to appellant's false arrest, illegal

detainment, and illegal search and seizure claims against the

police department. Citing to Monell v. Department of Social

Services, 436 U.S. 658, 690 (1978), the magistrate's report

correctly informed Murray that these claims were subject to

dismissal because liability could not be imposed absent

allegations that the harm was inflicted pursuant to an

official policy or custom. Despite that notice, Murray made

no attempt to correct the complaint's deficiency. There

simply are no allegations, as there must be to sustain a

1983 suit, linking a department policy or custom with any

constitutional violation. Monell, 436 U.S. at 691-94; see

also Canton v. Harris, 489 U.S. 378, 385 (1989); Bordanaro v.

McLeod, 871 F.2d 1151, 1157 (1st Cir.), cert. denied, 493

U.S. 820 (1989). Because the magistrate's report provided

appellant with sufficient notice of his complaint's

deficiencies, and because appellant failed timely to correct

those inadequacies, the complaint was properly dismissed.

Purvis v. Ponte, 929 F.2d 822, 826-27 (1st Cir. 1991) (

1915(d) dismissal did not violate Neitzke v. Williams, 490

U.S. 319 (1989), where magistrate's report gave plaintiff

notice of his complaint's factual deficiencies and an

opportunity to cure).

Affirmed.

-3-